BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant, an indigent here and at nisi prius, with the same appointed counsel at both court levels, was indicted for leaving the scene of an accident without statutory observance. Convicted therefor and sentenced to three years imprisonment.
The indictment reads, omitting the formal parts:
“THE GRAND JURY OF SAID COUNTY CHARGE THAT, BEFORE THE FINDING OF THIS INDICTMENT Willie B. Collins, whose name is to the Grand jUry [sic] otherwise unknown, the driver of a motor vehicle; to-wit: an automobile *44 being driven upon a public highway in Houston County, Alabama, involved in an accident resulting in injury to Kenneth Davis, wherein the said Kenneth Davis was bruised and was injured internally and received other bodily injuries, did fail to immediately stop such vehicle at the scene of such accident, and did fail to give his name and address and the registration license number of his vehicle, and did fail to render to Kenneth Davis, the person injured in such accident, such reasonable assistance, including the carrying of such injured person to a physician or surgeon for medical or surgical treatment, it being apparent that such treatment was necessary, as required by law in the State of Alabama, against the peace and dignity of the State of Alabama.”
The statute, T. 36 § 128, Subsection (1), Recompiled Code, 1958, reads as follows:
“Duties of driver of vehicle involved in accident resulting in personal injury or death or damage to vehicle. — 1. Duties of Driver. — The driver of any vehicle involved in an accident resulting in injury to or death of any person, or damage to a vehicle, shall immediately stop such vehicle at the scene of such accident, and shall also give his name and address, and the registration license number of his vehicle, and shall render to any person injured in such accident reasonable assistance, including the carrying of such injured person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary.”
As we observe, in the statute, there is no mandate that the accident must happen on a highway or even adjacent thereto. Neither does it require that the offending vehicle being driven must be an automobile.
In the instant case, the vehicle was an automobile that defendant was driving on Tuskegee Street, a public highway, and while so driving, the vehicle left the highway, and crossed a narrow private driveway and a grass plot, and hit the victim while he was sitting on a stoop or small porch of a building. The distance traveled from the road to the point of the accident was about thirty feet. The victim suffered from a broken leg, which was broken in two places, and had to be hospitalized for a period of several days.
It further appears that defendant, after cranking his motor twice before it started, left the scene without complying with the statutory mandate as alleged in the indictment but he later reported to police. The injured victim, with the assistance of some acquaintances, was taken to the hospital.
We further note that the incident does not allege that the impact occurred on the highway, but only alleges that “an automobile being driven upon a public highway,” and became involved in an accident, etc.
Immediately before the impact the automobile was being driven on a public highway, as alleged, and within thirty feet from the highway was involved in an accident resulting in the injuries as alleged.
We think the State offered evidence that supported the allegations of the indictment.
It is true that the defendant offered evidence that he suffered from seizures due to epilepsy and that he remembered nothing about the accident. The credibility of this evidence was for the jury and the trial court. We will not pass upon that facet of the defense.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.